# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATRINA HARTLEY,<br>Plaintiff, | CIVIL ACTION |
| v. | |
| THE BOEING COMPANY,<br>Defendant. | NO. 19-373 |

## MEMORANDUM OPINION

Plaintiff Katrina Hartley brings this suit against Defendant The Boeing Company, alleging that it impermissibly revoked her offer of employment based on the results of a medical examination in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et. seq.* ("ADA") and the Pennsylvania Human Relations Act, 43 Pa. C.S.A. §§ 951, *et seq.* ("PHRA"). Defendant now moves to dismiss the Complaint for failing to state a claim. For the reasons that follow, that motion will be denied.

## I. FACTS[1]

In March 2018, Plaintiff applied for a position as a firefighter/emergency medical technician ("EMT") with Defendant. On April 17, 2018, Defendant offered Plaintiff the role, contingent on her meeting certain pre-employment requirements, including passing a drug screen and a background check.

In the process of completing her pre-employment requirements, Plaintiff disclosed to Defendant that she had been separated from the military on medical grounds and diagnosed with herniated discs. She was then contacted by a nurse affiliated with Defendant, who informed Plaintiff that she would also be required to undergo a pre-employment health screening to ensure that she was medically able to perform the job.

---

[1] The following facts come from Plaintiff's Complaint and are treated as true for purposes of resolving Defendant's motion. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

In April 2018, Plaintiff provided Defendant with a certification completed by her physician, stating that Plaintiff had no physical restrictions and did not require an accommodation to perform the firefighter/EMT role. Plaintiff also gave Defendant authorization to access her medical records for review. On May 4, 2018, Plaintiff attended an examination arranged by Defendant. At the examination, the physician's assistant that performed the evaluation stated that he saw no reason why Plaintiff would be unable to perform the role.

On May 25, 2018, Defendant informed Plaintiff that she was "not medically qualified" for the position and rescinded her offer. Defendant also sent Plaintiff a letter dated June 5, 2018, further explaining that it had "performed a medical review of your individual circumstances as they relate to your contingent offer of employment and . . . determined that we cannot place you in this particular position," and "encourage[d]" her to explore other employment opportunities with the company. Plaintiff requested copies of the records used to determine her qualification for the position, but Defendant refused to produce them.

Plaintiff obtained a right to sue letter and now brings claims for disability discrimination pursuant to the ADA and PHRA.

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The district court must "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "[U]nder Rule 12(b)(6), the defendant has the burden of showing no claim has been stated." *Kehr Packages,*

2

*Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991).

## III. DISCUSSION

Plaintiff asserts that Defendant violated the ADA and the PHRA by pulling her offer after the medical exam. *See Macfarlan v. Ivy Hill SNF, LLC*, 675 F.3d 266, 274 (3d Cir. 2012) ("As an initial matter, we note that the . . . ADA and PHRA . . . are . . . to be interpreted consistently, and . . . have the same standard for determination of liability."). The ADA prohibits employers from "discriminat[ing] against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). To make out a viable ADA claim, Plaintiff must plausibly allege that she (1) was disabled within the meaning of the ADA; (2) was otherwise qualified to perform the essential functions of the job; and, (3) suffered an adverse employment decision as a result of discrimination. *See Gaul v. Lucent Tech., Inc.*, 134 F.3d 576, 580 (3d Cir. 1998). Here, the Complaint sets forth "enough facts to raise a reasonable expectation that discovery will reveal evidence of [all three] necessary elements." *Connelly v. Lane Const Corp.*, 809 F.3d 780, 788-89 (3d Cir. 2016).

### A. Disabled

Plaintiff argues that she was disabled within the meaning of the ADA because Defendant (mistakenly) believed that her past back injuries rendered her incapable of performing the firefighter/EMT role. The ADA defines an individual with a "disability" to include a person "regarded as having . . . an impairment." 42 U.S.C. § 12102(1).[2] Specially, the ADA provides

---

[2] In full, the ADA provides: "The term 'disability' means, with respect to an individual-- (A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment (as described in [42 U.S.C. § 12102(3)])." Here, Plaintiff contends that she was disabled for purposes of Section 12102(1) only because Defendant regarded her as

3

that "[a]n individual meets the requirement of 'being regarded as having such an impairment' if the individual establishes that he or she has been subjected to [adverse action] because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." *Id.* at § 12102(3). A "[p]hysical or mental impairment" is "[a]ny physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more body systems[.]" 29 C.F.R. § 1630.2. Although "impairments that are transitory and minor," are not actionable under the "regarded as" prong, the ADA nevertheless provides that the "definition of disability in this chapter shall be construed in favor of broad coverage of individuals under this chapter, to the maximum extent permitted by the terms of this chapter." 42 U.S.C. at § 12102(3)-(4).

The Ninth Circuit's recent decision in *Equal Employment Opportunity Commission v. BNSF Railway Co.*, 902 F.3d 916 (9th Cir. 2018) illustrates the breadth of the "regarded as" prong. There, the Ninth Circuit held that an employer regarded a potential employee as disabled where the employer "assumed that [the employee] had a 'back condition' that disqualified him from the job" of private security officer. *Id.* at 924. The Ninth Circuit explained that "[w]hether or not [the employee's] disc extrusion was a permanent condition [was] irrelevant" because the employer treated the employee "as it would an applicant whose medical exam had turned up a back impairment or disability," and "the definition of 'perceived impairment' . . . encompass[es] situation[s] where an employer assumes an employee has an impairment[.]" *Id.*; *cf. Rinehimer v. Cemcolift, Inc.*, 292 F.3d 375, 381 (3d Cir. 2002) ("If for no reason whatsoever an employer regards a person as disabled—if, for example, because of a blunder in reading medical records, it imputes to him a heart condition he never had—and takes adverse action, it has violated the

---

disabled—she does not allege that she suffered an impairment that limited a major life activity nor that she had a record of such an impairment.

4

[ADA]."); *Cook v. City of Philadelphia*, 94 F. Supp.3d 640, 644 (E.D. Pa. 2015) (holding employee adequately pleaded a regarded as claim where the employer allegedly "withdrew its conditional offer of employment" "based on the results of [a] May 2013 psychological examination").

The logic of *BNSF Railway* dictates the same outcome here. Defendant required Plaintiff to undergo a pre-employment health screening only after she disclosed that she had been separated from the military on medical grounds and diagnosed with herniated discs. Then, after performing a "medical review," Defendant rescinded Plaintiff's offer because she was "not medically qualified" for the position. The allegations support a plausible inference that Defendant perceived Plaintiff's past back injury as an impairment that disqualified her from the firefighter role, and, in doing so, regarded Plaintiff as disabled within the meaning of the ADA. *See BNSF Ry.*, 902 F.3d at 924 (finding employer regarded employee as disabled where it "assumed that [the employee] had a back condition that disqualified h[im] from the position").

Defendant arguments to the contrary are unpersuasive. First, Defendant cites a handful of district court cases for the proposition that "herniated discs do not generally qualify as a disability within the meaning of the ADA" *see Anderson v. Univ. Orthopaedic*, 2016 WL 10567969, at *3 (S.D.N.Y. Dec. 23, 2016); *Covaleski v. Hewlett-Packard Co.*, 2016 WL 3388329, at *5 (E.D. Pa. June 20, 2016), and argues that Plaintiff's "alleged herniated discs constitute a transitory and minor impairment." True enough, as the district court in *Anderson* explained, individuals with herniated discs generally do not qualify as disabled under Section 12101(1)(A), the provision of the ADA defining disability as "a physical or mental impairment that substantially limits one or more major life activities of such individual." But neither *Anderson* nor *Covaleski* addressed the "regarded as" prong of the ADA's definition of disability,

5

which is the provision at issue here. *See Kelly v. Drexel Univ.*, 94 F.3d 102, 108-09 (3d Cir. 1996) ("Our analysis of this [regarded-as] claim focuses not on [plaintiff] and his actual abilities, but rather on the reactions and perceptions of the persons interacting or working with him."). And, Defendant "cannot hide behind its argument that there was some uncertainty as to the actual state of [Plaintiff's] back when it assumed that [she] had a back condition that disqualified [her] from the" firefighter/EMT role. *BNSF Ry.*, 902 F.3d at 924.

Second, Defendant argues that Plaintiff's claim fails because there are no allegations that she was "substantially limited in any major life activity." That argument, however, misunderstands the relevant legal standard. The ADA specifically provides that "[a]n individual meets the requirement of 'being regarded as having such an impairment' . . . whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C.§ 12102(3); *BNSF Ry.*, 902 F.3d at 922 (explaining that in a 2008 amendment Congress "discarded the requirement than an impairment had to substantially limit a major life activity for the discrimination to be actionable under the 'regarded as' prong"). All that matters is whether Boeing perceived Plaintiff to be disabled, and, as explained above, the Complaint adequately alleges that was the case.

### B. Qualified

The ADA only covers those individuals "qualified to perform the essential functions of the job[.]" *Gaul*, 134 F.3d at 580. An individual is qualified if she "satisfies the requisite skill, experience, education and other job-related requirements of the employment position such individual holds or desires and, with or without reasonable accommodation, can perform the essential functions of such position." 29 C.F.R. § 1630.2. Accordingly, courts employ a two-part test to determine whether an individual is "qualified": first, a court must consider whether

the individual possesses the requisite skill and experience for the role; and second, the court must consider whether the individual can perform the essential functions of the position with or without an accommodation. *Gaul*, 134 F.3d at 580; 29 C.F.R. § Pt. 1630, App. ("The determination of whether an individual with a disability is 'qualified' should be made in two steps."). The determination is made "at the time of the employment decision." *Gaul*, 134 F.3d at 580 (internal quotation marks omitted).

Here, Plaintiff adequately alleges that she was qualified for the firefighter/EMT role. First, she possessed the requisite skills and experience for the role, given that Defendant offered her the position. *BNSF Ry.*, 902 F.3d at 924 (noting that employer could not "credibly" argue that employee was unqualified for the role where it made a "conditional offer of employment"). Second, as alleged, Plaintiff could perform the essential functions of the role without an accommodation—her doctor found that she did not need any accommodations, and the physician's assistant that performed the evaluation stated that he saw no reason why she would be unable to perform the job.

Defendant responds by pointing out that the ADA permits employers to "require a medical examination after an offer of employment has been made to a job applicant and prior to the commencement of the employment duties" and "may condition an offer of employment on the results of such examination." 42 U.S.C. § 12112(d)(3). But that the ADA permits such examinations does not insulate an employer's decisions based on those exams from judicial review. *See O'Neal v. City of New Albany*, 293 F.3d 998, 1009-10 (7th Cir. 2002) (reviewing challenge to employer's decision following an entrance examination); *Cook*, 94 F. Supp.3d at 644 (same). Specifically, the ADA provides that employers may rely on such exams only if: (1) "all entering employees are subjected to such an examination regardless of disability;" (2) the

7

information collected is kept confidential; and, (3) "the results of such examination are used only in accordance with this subchapter." 42 U.S.C. § 12112(d)(3).

Here, the Plaintiff alleges that Defendant's medical exam fell afoul of both the first and third prongs of Section 12112(d)(3), rendering Defendant's reliance on the exam in rescinding Plaintiff's offer unlawful. First, the Complaint contains sufficient facts to support the inference that Defendant did not subject all employees that received a conditional offer to medical examinations. Plaintiffs alleges that Defendant conditioned her offer on completion of certain pre-employment requirements, including a drug screen and a background check, but that a medical examination was not initially required. Instead, Defendant required Plaintiff to pass a medical examination only after she disclosed she had been separated from the military on medical grounds and diagnosed with herniated discs. Construed in the light most favorable to Plaintiff, the sequence of events supports the inference that Defendant required only some incoming employees to complete medical examinations—those, such as Plaintiff, that disclosed past medical issues—a practice proscribed by Section 12112(d)(3).

Second, and more damning for Defendant, Plaintiff plausibly alleges that Defendant used the results of the medical examination in a manner that violated the ADA. Entrance examinations may not "screen out an employee or employees with disabilities," unless "the exclusionary criteria" are "job-related and consistent with business necessity, and performance of the essential job functions cannot be accomplished with reasonable accommodation." 42 C.F.R. § 1630.14(b)(3); *O'Neal*, 293 F.3d at 1010 (explaining that employers may not "use[] the results [of entrance exams] to discriminate against [employees] on the basis of a disability"). Plaintiff alleges that Defendant excluded her from the role because, based on the exam results, it mistakenly perceived her as having a back injury. And, the exclusionary criteria—her perceived

8

back injury—was not "job-related and consistent with business necessity" because she was, in fact, capable of performing the role without an accommodation. The allegation, if proven true, states a plausible ground for relief. *Cf. Rinehimer*, 292 F.3d at 381 ("If for no reason whatsoever an employer regards a person as disabled—if, for example, because of a blunder in reading medical records, it imputes to him a heart condition he never had—and takes adverse action, it has violated the [ADA].").

Accordingly, Plaintiff plausibly alleges she was qualified for the firefighter/EMT role, and that Defendant's reliance on the entrance examination to reach the contrary result was impermissible.

## C. Causation

The last element concerns causation—a showing that an employer discriminated against an employee "because of" the employee's disability. *BNSF Ry.*, 902 F.3d at 924. At this stage of the litigation, Plaintiff must "allege[] facts that could support a reasonable inference of a causal connection" between her perceived disability and the rescission of her offer, *Connelly*, 809 F.3d at 792, such as allegations of "temporal proximity between the two if unusually suggestive . . . any intervening antagonism by the employer, inconsistencies in the reasons the employer gives for its adverse action, and any other [allegations] suggesting that the employer had a [discriminatory] animus when taking the adverse action," *Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 193 (3d Cir. 2015).

Here, Defendant's explanation for why it rescinded her offer supports a plausible inference of causation. Defendant pulled Plaintiff's offer on the ground that she was "not medically qualified" for the position—that is, it rescinded Plaintiff's offer "because of" her medical condition. But, as discussed above, Plaintiff plausibly alleges that Defendant's

9

determination of her medical qualification was mistaken, and that, as a result, Defendant regarded her as disabled in violation of the ADA. Thus, Defendant pulled the offer "because of" its (erroneous) perception that Plaintiff was disabled. Accordingly, the Complaint contains sufficient facts to support a reasonable inference of causal connection.

In sum, Plaintiff alleges sufficient facts to state a claim for relief under the ADA and PHRA: Defendant perceived her as disabled and rescinded her offer based on that perception, even though she was, in fact, qualified for the role. Defendant's motion to dismiss the Complaint will therefore be denied. An appropriate order follows.

**June 5, 2019**  BY THE COURT:

_____
**WENDY BEETLESTONE, J.**